UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00304-MR

| | |
|---|---|
| TERRENCE LEROY WRIGHT, ) ) Petitioner, ) ) vs. ) ) MIKE SLAGLE, ) ) Respondent. ) ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Petitioner's Pro Se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. 1].

Pro se Petitioner Terrence Leroy Wright ("Petitioner") is a prisoner of the State of North Carolina currently incarcerated at Mountain View Correctional Institution ("Mountain View CI") in Spruce Pine, North Carolina. Petitioner is serving a 30-year state sentence for first-degree burglary and a state life sentence for second-degree murder, both committed in Graham County, North Carolina, on June 3, 1993.[1] State v. Wright, 492 S.E.2d 365, 366 (N.C. Ct. App. 1997); In re Wright, 826 F.3d 774 (4th Cir. 2016). After

---

[1] Petitioner was sentenced under the North Carolina Fair Sentencing Act ("FSA") [Doc. 1 at 6], which was repealed on October 1, 1994, in favor of the North Carolina Structured Sentencing Act ("SSA").

an unsuccessful direct appeal in North Carolina, in December 1998, Petitioner was sent to South Carolina to face separate state criminal charges. In re Wright, 826 F.3d at 776. In March 1999, he was convicted of murder, burglary, criminal sexual conduct, and grand larceny in Charleston County, South Carolina. Id. Petitioner returned to North Carolina to serve his sentences on his two state convictions, and South Carolina placed a detainer on him. Id.

After Petitioner exhausted his state post-conviction remedies, on July 2, 2007, Petitioner filed his first petition for relief under 28 U.S.C. § 2254 in this Court, challenging his state court convictions. [Civil Case No. 2:07-cv-00014-GCM, Doc. 1]. This Court dismissed Petitioner's petition without prejudice for his failure to pay the filing fee or move to proceed in forma pauperis. [Id., Doc. 2]. In August 2007, Petitioner re-filed his § 2254 petition with payment of the filing fee. [Civil Case No. 2:07-cv-00017-GCM, Doc. 1]. This Court dismissed that petition as untimely under the AEDPA. [Id., Doc. 2]. Petitioner appealed, but the Fourth Circuit denied a certificate of appealability ("COA") and dismissed the appeal. See Wright-Bey v. N. Carolina, 268 Fed. App'x 266 (4th Cir. 2008).

On March 21, 2012, Petitioner filed another § 2254 petition in this Court seeking relief from his state court convictions. [Civil Case. No. 2:12-cv-

2

Case 1:23-cv-00304-MR   Document 2   Filed 01/22/24   Page 2 of 6

00006-RJC, Doc. 1]. In that petition, Petitioner claimed that North Carolina lacked jurisdiction over him because he is a Moorish-American National. [Id., id.]. Not addressing successiveness, this Court dismissed his petition as frivolous. [Id., Doc. 3]. The Fourth Circuit dismissed his appeal and declined to issue a COA. See Wright v. Jackson, 502 Fed. App'x 339 (4th Cir. 2013).

On February 14, 2013, Petitioner filed a "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241" asking this Court to release his obligations under an "appearance bond." [Civil Case No. 2:13-cv-00009-RJC, Doc. 1]. Recognizing that the petition should have been brought under § 2254, the Court denied and dismissed it as a successive § 2254 petition because Petitioner had not shown that he had permission from the Fourth Circuit to file a successive petition. [Id., Doc. 3].

On September 2, 2015, Petitioner moved the Fourth Circuit for authorization to file a second or successive application for habeas corpus relief. In re Wright, 826 F.3d 774. He attached a proposed application complaining that he was sentenced under the FSA but that he is being treated as an SSA inmate, such that "prison and parole authorities" have not been calculating his "gain time," "merit time," and "good time correctly;" that the "prison system" has committed an "ex post facto" violation by applying the SSA to his prison term; that he is unable to go to "honor grade" and

3

become eligible for parole because of the South Carolina detainer; and that the FSA requires that his parole status be reviewed every year, but his status is currently being reviewed every three years in violation of his due process and equal protection rights. Id. at 777. Because Petitioner was challenging "only administrative rules, decisions, and procedures applied to his sentence" and not the underlying state convictions, the Fourth Circuit recognized that he was challenging the execution of his sentence. Id. (citations omitted). As a matter of first impression, the Fourth Circuit held that a convicted state prisoner challenging the execution of his sentence is required to apply for authorization to file a second or successive habeas application. Id. at 778 ("[R]egardless of how they are styled, federal habeas petitions of prisoners who are 'in custody pursuant to the judgment of a State court' should be treated as 'applications under section 2254' for purposes of § 2244(b),[2] even if they challenge the execution of a state sentence."). The Fourth Circuit found that Petitioner failed to meet the requirements for authorization to file a second or successive application and therefore denied his motion. Id. at 785.

---

[2] Section 2244(b) provides, "Before a second or successive application is permitted by [section 2254] is filed in the district court, the applicants shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. §§ 2244(b)(3)(A).

On October 20, 2023, Petitioner filed the instant pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. [Doc. 1]. Petitioner challenges the retroactive application of the SSA to his sentence, which has affected his "gain time," "max date," "good meritorious time," and the frequency of his "parole review," as well as a South Carolina detainer Petitioner alleges is preventing him from achieving custody promotions. [Id. at 6, 11]. In short, Petitioner propounds essentially the same arguments he made before the Fourth Circuit when he sought authorization to file a successive habeas petition. Petitioner, however, has again failed to obtain authorization from the Fourth Circuit to file the instant successive habeas petition. See In re Wright, 826 F.3d at 779. As such, the Court is without jurisdiction to consider it and will dismiss it without prejudice to seek the necessary authorization

For the reasons stated herein, the Court will deny and dismiss Petitioner's petition for relief under § 2241 for lack of jurisdiction to consider a successive habeas petition.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (noting that, in order to satisfy § 2253(c), a prisoner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that, when relief is denied on procedural grounds, a prisoner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. 1] is **DENIED** and **DISMISSED WITHOUT PREJUDICE** as an unauthorized second or successive petition.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED**.

Signed: January 22, 2024

Martin Reidinger
Chief United States District Judge